UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WILL JESTER and ELLIE JESTER<br><br>Plaintiff,<br><br>v.<br><br>INNOPOWER, INC., ACADEMY LTD. d/b/a ACADEMY SPORTS + OUTDOORS, JOHN DOE CORPORATION,<br><br>Defendant. | Case No. 3:25-cv-00104-CDL<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE AND/OR LIMIT THE OPINIONS AND TESTIMONY OF PLAINTIFFS' PROPOSED LIFE CARE PLANNING EXPERT ALISON WALMSLEY.**

Plaintiffs' Opposition does not cure the unreliable and incomplete nature of Walmsley's opinions.[1] On the contrary, it highlights those deficiencies and introduces additional concerns. The Life Care Plan remains facially incomplete: the Summary of Costs is blank—including in the very exhibit Plaintiffs submitted to the

[1] Plaintiffs' contention that Defendants violated Local Rule 7.1 by filing separate *Daubert* motions misinterprets the Rule. (Doc. 77 at 1). Rule 7.1 provides that, "**[w]here possible**, multiple motions filed at the same time, in the same case, shall be consolidated into one motion." (Emphasis added.) Here, Defendants challenged five of Plaintiffs' experts. Given the number of experts and the issues raised as to each, consolidating five *Daubert* challenges into a single 20-page motion was not practicable. Plaintiffs identify no prejudice resulting from the separate filings, and their procedural objection provides no basis to deny Defendants' motions on the merits.

Court. Doc. 77-2 at 4. Defendants therefore remain without a completed accounting showing how Walmsley's individual cost projections, treatment frequencies, and replacement intervals translate into the aggregate expenses she attributes to Plaintiff's future care. This is not a merely technical omission, it is a repeated failure. Without a completed Summary of Costs, neither the Court nor Defendants can meaningfully trace or evaluate the calculations underlying Walmsley's lifetime cost projections. That deficiency is further compounded by Walmsley's identification of two different life-expectancy figures without specifying which figure she used to calculate those projections.

Rather than cure these deficiencies, Plaintiffs seek to bolster Walmsley's opinions with a previously undisclosed report submitted for the first time with their Opposition (Doc. 77-3). Defendants are seeing this report only after the close of expert discovery, without an opportunity to evaluate its contents, assumptions, or opinions. Plaintiffs cannot use their Opposition to retroactively supplement the evidentiary foundation for Walmsley's opinions with undisclosed material. Permitting them to do so would circumvent the Court's expert-discovery deadlines and deprive Defendants of a fair opportunity to challenge that material. The Court should therefore strike Exhibit 2 and decline to consider it in determining whether Walmsley's opinions satisfy the requirements for admissibility.

Plaintiffs further attempt to justify Walmsley's reliance on ChatGPT, Amazon listings, and internet pricing by asserting that no single, authoritative set of life-care-planning standards exists. But that does not dispense with Rule 702's reliability requirements or establish that unsupported AI-generated feedback—submitted without even the parameters used to generate it—provides a reliable basis for the products, prices, and replacement intervals Walmsley projects.

Taken together, the belated disclosure, incomplete Summary of Costs, and deficiencies in Walmsley's pricing and future care projections demonstrate that Plaintiffs have failed to establish the admissibility of her opinions under Rule 702. Accordingly, Defendants respectfully request that the Court strike Exhibit 2 and exclude Walmsley's opinions and testimony or, alternatively, limit her testimony to opinions supported by sufficient facts and data and a reliably applied methodology.

## I. <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

Plaintiffs' Opposition does not cure the deficiencies in Walmsley's opinions; it confirms them. The Life Care Plan still contains no completed Summary of Costs, does not identify which of two life-expectancy figures Walmsley used, and lacks a reliable basis for the specific costs, frequencies, durations, and replacement intervals underlying her medical, equipment, and housing projections. Plaintiffs therefore have not shown that Walmsley's opinions are based on sufficient facts or data or a reliably applied methodology, as Rule 702 requires.

Plaintiffs instead attempt to fill these gaps with a report disclosed for the first time in opposition to Defendants' Motion. But an expert's methodology cannot be reconstructed after the fact with materials withheld during expert discovery. Because Plaintiffs have not established a reliable connection between the underlying facts and Walmsley's projected lifetime costs, her challenged opinions should be excluded.

**A. Walmsley's Belatedly Disclosed Report and Blank Summary of Costs Do Not Cure Her Incomplete Life Care Plan and Confirm the Lack of a Reliable Basis for Her Projections**

Plaintiffs seek to substantiate Walmsley's opinions through a narrative report submitted for the first time as Exhibit 2 to their Opposition. (Doc. 77-3) That report was not included in Walmsley's expert disclosures. On January 9, 2026, Plaintiffs provided Defendants access to a OneDrive file share containing Walmsley's expert materials. As reflected in a screenshot of that file share, the narrative now submitted as Document 77-3 was not among the materials provided. Lozada Decl. ¶ 2, Ex. A, Share folder Screenshots. Nor was the narrative included in the rebuttal materials subsequently provided on June 17, 2026. *Id*. Plaintiffs nevertheless now rely on that document, after discovery has closed, in an attempt to address the methodological and foundational deficiencies identified in Defendants' Motion. (Doc. 77-3).

That is not a proper supplementation of an expert disclosure. Rule 26(a)(2)(B) required Plaintiffs to disclose a complete statement of Walmsley's opinions, the

basis and reasons for them, and the facts or data considered in forming them. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii). Plaintiffs cannot satisfy that obligation by introducing material for the first time in opposition to a reliability challenge, approximately eight (8) months after the close of expert discovery.

Nor does Plaintiffs' assertion that Defendants could have deposed Walmsley cure the problem. Defendants were entitled to evaluate her opinions based on the materials Plaintiffs disclosed, not depose her in the hope of discovering omitted information. *See Navarro v. Fuji Heavy Industries, Ltd.*, 117 F.3d 1027, 1031–32 (7th Cir. 1997) (rejecting the argument that deficiencies in an expert's affidavit could have been cured had the opposing party deposed the expert). Plaintiffs should not be permitted to defend Walmsley's opinions with a document withheld throughout expert discovery and produced only after Defendants challenged those opinions under Rule 702. The Court should strike Exhibit 2 (Doc. 77-3) and decline to consider it.

Compounding these deficiencies, the Summary of Costs in Walmsley's Life Care Plan remains blank—even in the very exhibit Plaintiffs submitted to the Court in an apparent attempt to cure the deficiency. Doc. 77-2 at 4. Plaintiffs respond that Rule 26 does not expressly require an aggregate total and that their economist, Dr. Michael Daniels, will calculate present value. Doc. 77 at 11-12. But Defendants do not contend that Walmsley must calculate present value. Her Life Care Plan instead

lacks a completed accounting showing how its individual prices, frequencies, durations, and replacement intervals translate into Plaintiff's projected future expenses. That deficiency is compounded by Walmsley's identification of two different life-expectancy figures—42 and 45 years—without identifying which she used for her lifetime projections. Doc. 77-3 at 21. With no annual or lifetime totals, neither Defendants nor the Court can determine the financial effect of that assumption or how Walmsley's recurring projections translate into lifetime costs.

Taken together, the blank Summary of Costs, unidentified life-expectancy assumption, and absence of yearly and lifetime cost totals leave Walmsley's future-care projections without a transparent accounting from which they can be evaluated. Plaintiffs' belated narrative does not cure those deficiencies. Accordingly, the Court should strike Document 77-3 and decline to permit Plaintiffs to rely upon it to establish the admissibility of Walmsley's challenged opinions.

**B. <u>Plaintiffs' Attempt to Justify Walmsley's Reliance on Artificial Intelligence and Unverified Internet Pricing Fails to Establish a Reliable Methodology</u>**

Plaintiffs likewise fail to establish that Walmsley's equipment-cost opinions result from a reliable application of a methodology to sufficient facts or data. Rule 702 requires the proponent of expert testimony to establish, among other things, that the expert's opinion is based on sufficient facts or data and is the product of reliable principles and methods reliably applied to the facts of the case. Fed. R. Evid. 702(b)–

(d). Plaintiffs' assertion that no single, universally accepted standard governs life-care planning does not relieve them of that burden.

The issue is not whether life-care planners may consult online sources, but whether Walmsley reliably used them to support the particular products, prices, frequencies, and replacement intervals incorporated into Plaintiff's Life Care Plan. The disclosed materials do not demonstrate that she did. Walmsley relied on ChatGPT-generated information as part of her research, yet the screenshots Plaintiffs produced omit the prompts or parameters used to generate those results. Lozada Decl. ¶ 3, Ex. B, ChatGPT Screenshots. If that information played no role in her opinions, it provides no support for them; if it informed her research, Plaintiffs have not shown how she evaluated or verified it.

The same deficiency extends to Walmsley's reliance on Amazon and Google listings. She selected particular products and prices without demonstrating why those products were appropriate for Plaintiff, why the listed prices reliably represented his projected costs, or how she derived the replacement intervals for items projected repeatedly over decades. Lozada Decl. ¶ 4, Ex. C, Life Care Plan. A single online listing establishes an advertised price at a particular time; without further analysis, it does not establish the appropriateness of the selected product or support projecting that price repeatedly throughout Plaintiff's lifetime.

Plaintiffs' reliance on *Box v. Causey*, 2025 WL 3460939, at 5–6 (N.D. Ga.

2025), does not establish otherwise. The question is not whether online retailers can serve as pricing sources, but whether Walmsley reliably selected and applied the particular information underlying her projections. That deficiency is magnified for recurring expenses, where an unsupported price is multiplied by an unexplained frequency and projected across an unidentified life expectancy. Without a disclosed basis for those inputs, the resulting lifetime costs reflect accumulated assumptions rather than reliably derived projections. *See McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256–57 (11th Cir. 2002) (excluding expert testimony where the expert's methodology was not sufficiently reliable).

Accordingly, Plaintiffs have not carried their burden of establishing that Walmsley’s equipment-cost opinions satisfy Rule 702.

### C. Walmsley's Speculative Future Medical Expenses and Unsupported Housing Projections Lack the Factual Foundation Required by Rule 702

Plaintiffs also fail to establish a sufficient factual foundation for Walmsley’s projected future medical expenses. The newly disclosed narrative states that Walmsley consulted with Bowman, but identifies no documentation confirming that Bowman approved the frequencies, durations, or lifetime expenses she ultimately projected. For example, the narrative characterizes a spinal cord stimulator as something that may be an option for long-term pain management, yet Walmsley projects permanent implantation, maintenance, and replacement costs. Lozada Decl. ¶ 4, Ex. C, Life Care Plan. A Johns Hopkins Medicine article on spinal cord

stimulation confirms that the procedure requires a trial to determine whether the therapy provides meaningful pain relief and that permanent implantation proceeds only if the trial is successful. Lozada Decl. ¶ 5, Ex. D, Medical Article. Plaintiff has not undergone that trial. Thus, Walmsley's lifetime projection assumes a future clinical decision and successful treatment trial that have not yet occurred.

Likewise, Walmsley's narrative acknowledges that she was unable to consult Plaintiff's urologist, yet her Life Care Plan nevertheless includes future fertility-treatment expenses. Doc. 77-3 at 20. Rather than establishing a reliable basis for these substantial future expenses, Walmsley converts conditional or unconfirmed medical possibilities into projected lifetime costs without demonstrating that Plaintiff will actually incur them.

Walmsley's housing projections suffer from an even more fundamental lack of support. She includes approximately $126,000 to $150,000 for renovations and $282,000 to $360,000 for a new residence based upon a Home for Life Design Summary prepared by Erin Dichiara, whom Plaintiffs did not designate as a testifying expert. Lozada Decl. ¶ 4, Ex. C, Walmsley Life Care Plan at 30; ¶ 6, Ex. E, Home for Life Design Summary.[2] The assessment does not explain how the substantial housing costs incorporated into Walmsley's Life Care Plan were

---

[2] *See Georgia Advocacy Off. v. Jackson*, No. 1:19-cv-1634, 2021 WL 12102899, at 9 (N.D. Ga. Apr. 14, 2021) ("[A] testifying expert is not permitted to be the mouthpiece of a scientist in a different specialty.")

calculated or otherwise supported, and Plaintiffs' assertion that Walmsley independently evaluated Dichiara's work does not identify what analysis she performed to substantiate those figures. An expert may rely upon another professional's work, but she cannot "simply parrot" the opinions of an expert who is not offered for testimony and cross-examination. *Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-CV-949, 2021 WL 2185699, at *7 (N.D. Ga. May 28, 2021).

Walmsley has not established a reliable basis for the specific frequencies, durations, and costs she projects, which instead rest on conditional treatments, unconfirmed expenses, and unsupported housing costs. Accordingly, Plaintiffs have failed to establish that these opinions satisfy Rule 702, and they should be excluded.

## II. CONCLUSION

For the foregoing reasons, and those set forth in Defendants' original Motion, Defendants respectfully request that the Court strike Plaintiffs' previously undisclosed report (Doc. 77-3), grant their Motion to Exclude the Opinions and Testimony of Plaintiffs' Proposed Life Care Planning Expert, Alison Walmsley (Doc. 67), and preclude Walmsley from offering unreliable and speculative expert opinions at trial.

Dated: October 2, 2026

Respectfully submitted,

x ______________________

Miguel Lozada, ESQ
(*Admitted Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
1 Battery Park Plaza, 28th FL
New York, N.Y. 10004
(212) 453-0765 (Telephone)
mlozada@grsm.com
*Counsel for Defendants INNOPOWER, INC., ACADEMY LTD. d/b/a ACADEMY SPORTS + OUTDOORS*

______________________

Max Trembitsky, ESQ
(*Admitted Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
1 Battery Park Plaza, 28th FL
New York, N.Y. 10004
(212) 453-0766 (Telephone)
mtrembitsky@grsm.com
*Counsel for Defendants INNOPOWER, INC., ACADEMY LTD. d/b/a ACADEMY SPORTS + OUTDOORS*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **DEFENDANTS INNOPOWER, INC. AND ACADEMY LTD. D/B/A ACADEMY SPORTS + OUTDOORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE AND/OR LIMIT THE OPINIONS AND TESTIMONY OF PLAINTIFFS' PROPOSED LIFE CARE PLANNING EXPERT ALISON WALMSLEY.** upon all parties of record to this matter via Statutory Electronic Service, as follows:

**CONN LAW, LLC**
ANDREW J. CONN
Georgia Bar No. 732541
Post Office Box 8031
Savannah, Georgia 31412
(912) 373-8642 (phone)
(912) 210-5170 (fax)
andy@connlawfirm.com
Attorney for Plaintiffs

**WADE GRUNBERG & WILSON, LLC**
JONATHAN D. GRUNBERG
Georgia Bar No. 869318
729 Piedmont Avenue NE
Atlanta, GA 30308
(404) 445-8363 (tel)
(470) 970-4303 (fax)
jgrunberg@wgwlawfirm.com
Attorney for Plaintiffs

Dated: October 2, 2026

*/s/Miguel Lozada*
Miguel Lozada